UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

THOMAS E. FOOTE, II,

      Plaintiff,

         v.                            No. 1:26 CV 128

CRUZ,

      Defendant.

## OPINION and ORDER

Thomas E. Foote, II, a prisoner without a lawyer, filed a complaint alleging Officer Cruz hit him with a mattress and injured his neck on February 16, 2026. (DE # 1.) "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Foote alleges Officer Cruz was distributing new mattresses when he "slung" a mattress at him. He alleges the mattress hit him in the face (causing him to have whiplash) and broke his glasses. Foote states a claim for an excessive use of force, but

not for the broken glasses.[1] Under the Fourteenth Amendment, a pre-trial detainee

cannot be punished without due process of law. *Bell v. Wolfish*, 441 U.S. 520 (1979). "In

evaluating the constitutionality of conditions or restrictions of pretrial detention . . . the

proper inquiry is whether those conditions amount to punishment of the detainee." *Id*.

at 539. "[I]n the absence of an expressed intent to punish, a pretrial detainee can

nevertheless prevail by showing that the actions are not 'rationally related to a

legitimate nonpunitive governmental purpose' or that the actions 'appear excessive in

relation to that purpose.'" *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015) (*quoting*

*Bell*). "This framing asks strictly whether the defendant intended to commit the physical

act that caused the alleged injury." *Pittman v. Madison Cnty., Illinois*, 108 F.4th 561, 570

(7th Cir. 2024). "[L]iability for *negligently* inflicted harm is categorically beneath the

threshold of constitutional due process." *Kingsley*, 576 U.S. at 396 (quotation marks

omitted). Then, the reasonableness of that action or inaction is assessed based on

whether "reasonable [individuals] under the circumstances would have understood the

high degree of risk involved, making the consequences of the defendants' conduct

obvious." *Pittman*, 108 F.4th at 572 (emphasis omitted). Whether the defendant actually

knew that his action or inaction would cause harm is irrelevant under the Fourteenth

Amendment. *Id.* "[W]hen evaluating whether challenged conduct is objectively

---

[1] Indiana's tort claims act (Indiana Code § 34-13-3-1 *et seq*.) and other laws provide for state judicial review of property losses caused by government employees. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable postdeprivation remedy.") and *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) ("Wynn has an adequate post-deprivation remedy in the Indiana Tort Claims Act, and no more process was due.").

unreasonable, courts must focus on the totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020) (quotation marks omitted). Here, it is possible Officer Cruz was merely negligent, but giving Foote the benefit of the inferences to which he is entitled at the pleading stage, he states a claim for an excessive use of force under the Fourteenth Amendment.

Foote sues Z. Shifflet alleging he responded to his grievance about this incident. It appears he is suing because he is dissatisfied with the response he received. However, "officials who reject prisoners' grievances do not become liable just because they fail to ensure adequate remedies." *Est. of Miller by Chassie v. Marberry*, 847 F.3d 425, 428 (7th Cir. 2017). Shifflet will be dismissed.

Finally, Foote sues Sheriff Brady Thomas. However, there is no general supervisory liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). Thomas will be dismissed.

For these reasons, the court:

(1) **GRANTS** Thomas E. Foote, II leave to proceed against Officer Cruz in his individual capacity for compensatory and punitive damages for hitting him with a mattress causing personal injury on February 16, 2026, in violation of the Eighth Amendment;

(2) **DISMISSES** all other claims;

(3) **DISMISSES** Brady Thomas and Z. Shifflett;

3

(4) **DIRECTS** the Clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Officer Cruz at DeKalb County Jail, with a copy of this order and the complaint (DE # 1);

(5) **ORDERS** the DeKalb County Sheriff to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) **ORDERS**, under 42 U.S.C. § 1997e(g)(2), Officer Cruz to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

**SO ORDERED.**

Date: March 20, 2026

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT